IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

Jane Doe,

    Plaintiff,

v.                                      Civil Action No:

Penske Truck Leasing, Co. LP
and Brian Neely                  Judge

    Defendants.                      (Jury Trial Requested)

_____/

## **COMPLAINT**

During the time Plaintiff, Ms. Jane Doe[1] ("Ms. Doe" or "Plaintiff") was employed by Penske Truck Leasing ("Defendant") she experienced an ongoing and severe sexually harassing work environment. This hostile work environment culminated in a sexual assault by one of Penske's Lead Technicians- Brian Neely. Plaintiff reported the assault less than 24 hours after it occurred. Two days later, in a blatant case of victim blaming and shaming, and in complete abdication of its duties to provide a safe work environment and free from retaliation for her report, Penske terminated Plaintiff for "misuse of company time" for the time she reported that was being assaulted, contending that the assault was consensual. This termination was in direct retaliation for Plaintiff's report of sexual assault. Accordingly, Plaintiff brings this Complaint alleging violations of state law, the Tennessee Human Rights Act and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e against Penske and Neely.

---

[1] Although known to Defendants, Plaintiff is not named herein as her given name expressly to protect Plaintiff's privacy as a sexual assault victim.

## JURISDICTION AND VENUE

1. This is an action for declaratory and monetary relief caused by Defendant's violations under Tennessee's common law of assault and battery; the Tennessee Human Rights Act ("THRA"), T.C.A. § 4-21-101 *et seq.*; and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.

2. This Court has jurisdiction over this action because the actions complained of were undertaken in Hamilton County.

3. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

4. Plaintiff complied with all conditions precedent to the filing of her claims pursuant to 42 U.S.C. § 2000e *et. seq*, to wit: a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; on August 6, 2018, the EEOC issued Plaintiff a Notice of Right to Sue. This action was commenced within 90 days of receipt of the EEOC's Notice of Right to Sue.

## PARTIES

5. Plaintiff, Ms. Doe, a woman, had been an employee of Defendant from April 13, 2017 to September 20, 2017.

6. Defendant Penske Truck Leasing Co. L.P. ("Penske") is a Delaware Corporation licensed to transact business in the State of Tennessee. Defendant Penske is an employer within the meaning of the Tennessee Human Rights Act ("THRA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendant's registered agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

7. Defendant Brian Neely is a resident of Hamilton County, Tennessee.

## FACTUAL BACKGROUND

8. During the time that Ms. Doe worked at Penske, she was subjected to ongoing and severe sexually harassing behavior by supervisors and co-workers which culminated in severe sexual assault and battery.

9. After graduating from Career Academy High School where she took automotive classes, Ms. Doe pursued a career as a diesel mechanic.

10. She was hired by Penske on April 13, 2017 as a customer service representative ("CSR"). Her job duties as a CSR included washing the rental trucks when they were returned, vacuuming and cleaning out the trucks, servicing and fueling the trucks, and parking them in the yard.

11. It was the career path at Penske for individuals to be hired on as a CSR and after serving in that role for a period of time, to be promoted to mechanic or technician.

12. The technicians supervised the duties of the CSRs, directed them which trucks to service and trained them in working on the trucks in the service bay.

13. Ms. Doe worked at the Creek Road shop in Hamilton, County Tennessee. This location had both a leasing office and a service department. David Parker was the Branch Service Manager. There were two maintenance supervisors, one on the day shift and one on the night shift. Each shift also had a Lead Tech. Lead techs had the responsibility to manage the technicians and CSRs on their shift.

14. During the relevant time period, Ms. Doe worked on the night shift. Scott Bagley was the maintenance supervisor on the night shift and Defendant Brian Neely was the Lead Tech on the night shift.

3

15. Defendant Penske's workplace was a predominantly male workplace. There were no female CSRs or mechanics on the first shift and Ms. Doe was the only female on the night shift.

16. On Ms. Doe's first day of work, when she arrived for her shift, lead Tech Neely yelled out, "Who let the lot lizard in and gave her a uniform?[2]" Supervisor Bagley was present for the remark and did not take any action.

17. Almost immediately, Lead Tech Neely began harassing Plaintiff. He would pick her up over his should and act like he was carrying her off to have sexual intercourse with her and then drop her into one of the large, oversized trash cans. He would hide in the back of the sleeper cabs she was cleaning and would jump out at her to startle her. He kept a taser in his tool box and would come up behind her and tase her in the thigh or buttocks. Supervisors were present when Neely assaulted Ms. Doe with the taser and did not intervene.

18. Lead Tech Neely told her on the first day of work to call him "Uncle Neely."

19. On at least one occasion, Lead Tech Neely directed Ms. Doe to ride with him in the cab of a truck to return the truck to a leasing office. During that ride, Lead Tech Neely asked Ms. Doe if she was hard up for money and told her he would give her $500 if he could have anal sexual intercourse with her behind a dumpster. Ms. Doe replied that she was never that broke and that he was going to hell.

20. Lead Tech Neely kept a penis-shaped candle in his tool box and would bring it to monthly meetings of the staff. Building Manager Parker would ostracize the least productive member of the team that month and give them the penis candle as a trophy. The candle was passed around from meeting to meeting.

---

[2] Lot Lizard is a derogatory colloquial term for a prostitute that visits truck stops and parking lots at night.

21. Lead Tech Neely was a tall, imposing individual who had previously worked as a guard in a correctional institution. Ms. Doe was intimidated and afraid of him. Other male employees were also intimidated by him and afraid of him.

22. On September 19, 2017, during lunch break, Ms. Doe discovered there was no coffee in the lunch room. She exited the room and went down the hall to the leasing part of the building, which was deserted at night during the second shift, but which had a Keurig machine for coffee. Lead Tech Neely followed her, ostensibly in search of coffee.

23. As part of her duties as a CSR, Ms. Doe had to obtain office supplies such as notepads and ink pens from the supply closet on the leasing office side of the building. The supply closet had a key pad lock on it so that only those employees with a need for supplies knew the combination. Ms. Doe knew the combination but Lead Tech Neely did not.

24. Ms. Doe discovered that there were no coffee cups next to the Keurig machine. She unlocked the supply closet and stepped in to retrieve the cups. The supply closet is lined on all sides by shelving and there is very little room to walk in or move around in the closet. When Ms. Doe turned around to exit with the coffee cups, Lead Tech Neely squeezed in the door and shut it behind him, blocking her exit with his body.

25. Lead Tech Neely, stood in front of the door with his erect penis out of his pants. He grabbed Ms. Doe by the hair and told her to "suck his dick." Ms. Doe was terrified and was paralyzed with fear. She tried to reason with him to let her out of the closet. She could hear the noise from the shop where other mechanics were working on diesel engines and thought that no one would hear her if she tried to scream. She was crying and begging Lead Tech Neely to let her out of the closet. He refused and she was afraid that he was going to physically attack her. She was forced to perform oral sex on Lead Tech Neely.

26. After the assault, Lead Tech Neely went back to work and Ms. Doe retreated to the women's bathroom where she remained for the better part of the shift. When it was time to leave, Ms. Doe went to Supervisor Bagley's office with the intent of reporting the assault, however when she got there she became scared and did not mention it.

27. On the way home from her shift that very night, Ms. Doe called Christian Seaborn, also a mechanic on the second shift, and reported the assault to him. She told him that she was afraid to report it to any other member of management because she was afraid she would get fired. Mr. Seaborn told her that it was not her fault that she was assaulted and encouraged her to report the assault.

28. The very next day Ms. Doe reported the assault to Supervisor Bagley. The shift had just started and Mr. Bagley walked into the washing bay where Ms. Doe was and she asked to speak with him privately. They walked outside and Ms. Doe began crying and told Mr. Bagley that Lead Tech Neely had cornered her in a closet and forced her to perform oral sex on him. Ms. Doe was very upset.

29. Mr. Bagley led Ms. Doe into a conference room on the leasing office side of the building. Mr. Bagley and Mr. Parker questioned her in the conference room. Mr. Parker appeared to not believe Ms. Doe's report of assault and questioned her intently and belligerently about the assault. Mr. Parker was especially keyed in on whether Ms. Doe said the word "no" during the attack.

30. During Mr. Parker's interrogation, Ms. Doe was traumatized and stated that she was paralyzed at the time of the assault.

31. Mr. Parker directed Ms. Doe to write a statement and demanded that she state in her statement "but I never gave a 'no'."

6

32. Ms. Doe further wrote in her statement:

> "Once your [sic] in a room like that and some one has already got it out they are going to get what they want so I didn't see a point in fighting it."

33. On information and belief, Lead Tech Neely was also interviewed and gave a statement that blamed Ms. Doe for "coming on to" him and stating that "the incident that happened was consitial [sic]."

34. Penske determined that Ms. Doe was not credible and that Mr. Neely was credible and terminated Ms. Doe for inappropriate behavior at work following her report of the assault and "misuse of company time."

## COUNT I
**(Common Law Assault and Battery against Defendant Penske and Defendant Brian Neely)**

35. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

36. Defendant's agent, Mr. Neely intentionally assaulted and committed battery against Plaintiff.

37. At the time of the assault, Plaintiff was at work, carrying out her job duties.

38. As a result, Plaintiff has been damaged and is entitled to recover damages, including, but not limited to, lost wages, emotional distress, consequential damages, punitive damages, costs, interest and any other legal and equitable relief to which she may be entitled.

## COUNT II
**(Sex Harassment under the THRA against Defendant Penske)**

39. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

40. Plaintiff was subjected to a continuing and on-going campaign of sex harassment in Defendant's workplace because of her sex, female.

41. Plaintiff reported and/or protested incidents of harassment and assault by her supervisor, Lead Tech Neely, to Supervisor Scott Bagley. Defendant failed to remedy and/or prevent sex harassment in the workplace in a prompt and effective manner. Further, Defendant was aware of the hostile work environment because many of the offensive behaviors occurred in the presence of and with the implicit consent of its managers.

42. Defendant is vicariously liable for the sexually hostile work environment, sexual harassment perpetrated by its Lead Tech to Plaintiff, and is liable for failing to remedy sex harassment in the workplace.

43. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and, at times, lost earnings and benefits.

## COUNT III
**(Retaliation under THRA against Defendant Penske)**

44. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

45. It is the public policy and law of the State of Tennessee that employees must be able to exercise their rights under state and federal law without fear of reprisal or penalty from an employer.

46. Contrary to the public policy and law of the State of Tennessee, as well as in violation of the THRA, Plaintiff was retaliated against for objecting to and complaining about Defendant's failure to prevent and remedy the assault, battery and sexual harassment taking place in the workplace.

47. This retaliation, including terminating Plaintiff, was in retaliation for the exercise of her rights to oppose assault, battery and sexual harassment taking place in the workplace.

48. As a result, Plaintiff has been damaged and is entitled to recover damages for suffering emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and, at times, lost earnings and benefits.

## COUNT IV
### (Sex Discrimination/Harassment/Retaliation under Title VII)

49. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

50. Plaintiff was subjected to a continuing and on-going campaign of sex harassment, assault and discrimination in Defendant Penske's workplace because of her sex, female.

51. Plaintiff reported and/or protested incidents of harassment and assault by her Lead Tech, the reports were either ignored or rebuffed. Defendant failed to remedy and/or prevent sex harassment in the workplace.

52. Defendant Penske retaliated against Plaintiff by terminating her in retaliation for the exercise of her rights to oppose assault, battery and sexual harassment taking place in the workplace.

53. Defendant is vicariously liable for the sexual harassment perpetrated by its managers and employees to Plaintiff, and is liable for failing to remedy sex harassment in the workplace.

54. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional and physical injury, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, lost earnings, attorney's fees, costs, interest and any other legal and equitable relief to which she may be entitled.

## COUNT V
### (Intentional Infliction of Emotional Distress against All Defendants)

55. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

56. Defendants engaged in extreme and outrageous conduct toward Plaintiff. Mr. Neely's sexual assault of Plaintiff was intentional or reckless, outrageous, not conduct tolerated in our society, which were intended to and did cause serious physical and mental injury.

57. Corporate Defendant intended to cause emotional distress or recklessly disregarded whether its conduct would cause emotional distress.

58. All Defendants conduct caused Plaintiff severe emotional distress.

## PRAYER FOR RELIEF& JURY DEMAND

WHEREFORE, premises considered, Plaintiff prays for the following relief:

A. Judgment against Defendants for violations of state and federal law;

B. Monetary award of damages for Back Pay and Front Pay;

C. Pre- and post judgment interest;

D. Compensatory Damages and Punitive Damages;

E. Attorney's fees and costs, and expenses of the action;

F. All other legal and equitable relief to which Plaintiff shows she is entitled, and which is just and proper; and

G. A jury trial.

Respectfully submitted,

COLLINS & HUNTER, PLLC

*/s Heather Moore Collins*
Heather Moore Collins (# 026099)
Anne Hunter (# 022407)
Paige M. Lyle (# 032959)
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com
paige@collinshunter.com

*Attorneys for Plaintiff*

11