UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  1:18-cv-00203-HSM-SKL |
| | ) |
| PENSKE TRUCK LEASING, CO. LP, | ) |
| and BRIAN NEELY, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| BRIAN NEELY, | ) |
| | ) |
| Counter-Plaintiff, | ) |
| v. | ) |
| | ) |
| JANE DOE, | ) |
| | ) |
| Counter-Defendant. | ) |

## MEMORANDUM AND ORDER

This lawsuit concerns allegations of workplace sexual harassment and assault. The alleged

victim, Plaintiff/Counter-Defendant Jane Doe ("Plaintiff") has filed a motion for a protective order

allowing her to proceed under a pseudonym [Doc. 23]. Defendant/Counter-Plaintiff Brian Neely

("Neely") filed a response in opposition [Doc. 24]. Defendant Penske Truck Leasing Co., LP

("Penske," and together with Neely, "Defendants") did not file a response, and the time for doing

so has passed.[1]  Plaintiff did not file a reply and the matter is now ripe. Neither Plaintiff nor Neely

---

[1] Penske is deemed to have waived any opposition to Plaintiff's motion. *See* E.D. Tenn. L.R. 7.2
("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

requested oral argument on the motion, and the Court concludes it is not necessary. For the reasons stated below, the motion [Doc. 23] will be **GRANTED**.[2]

## I.     BACKGROUND

Plaintiff alleges that she began working for Penske in April 2017. She worked as a Customer Service Representative on the night shift. Neely also worked the night shift, as a Lead Tech. In her complaint, Plaintiff alleges a number of violations of state and federal law arising out of interactions she had with Neely and others employed at Penske. She claims she was repeatedly sexually harassed and assaulted by Neely, and supervisors never intervened [Doc. 1 at Page ID # 4, ¶¶ 16-20]. She claims the harassment culminated in Neely forcing her to perform oral sex on him in a supply closet [*id.* at Page ID # 5, ¶¶ 22-25]. She claims she reported the incident the following day, but management believed Neely's account that the oral sex was consensual [*id.* at Page ID # 6-7, ¶¶ 28-33]. Plaintiff claims she was then fired "for inappropriate behavior at work . . . and 'misuse of company time.'" [*id.* at Page ID # 7, ¶ 34]. She seeks declaratory and monetary relief [*id.* at Page ID # 10].

## II.     STANDARDS

Federal Rule of Civil Procedure 10(a) requires a complaint to state the name of all parties. Allowing a plaintiff to proceed pseudonymously is the exception, not the rule. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *Endangered v. Louisville/Jefferson Cty. Metro Gov't Dep't of Inspections*, No. 3:06CV-250-S, 2007 WL 509695, at *1 (W.D. Ky. Feb. 12, 2007). To be excused from the requirement of Rule 10(a) that the complaint state the parties' names, a party must show

---

[2] Ordinarily, a plaintiff should seek permission to proceed under a pseudonym at or near the commencement of a case. This is because, until such permission is granted, "the federal courts lack jurisdiction over . . . unnamed parties, as a case has not been commenced with respect to them." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636-37 (6th Cir. 2005) (internal quotation marks and citation omitted).

2

that the moving party's need for privacy substantially outweighs (1) the general presumption that a party's identity is public information, and (2) the risk of unfairness to the opposing party. *Porter*, 370 F.3d at 560; *Endangered*, 2007 WL 509695, at *1 (citations omitted). In balancing these considerations in civil litigation, a court, in its discretion:

> may excuse plaintiffs from identifying themselves in certain circumstances. Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)); *Marsh*, 123 F. App'x at 636 (citing *Porter*, 370 F.3d at 560). "[W]hether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case" is also relevant. *Marsh*, 123 F. App'x at 636 (citation omitted).

Pursuant to Federal Rule of Civil Procedure 26(c)(1), on a showing of good cause a court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

## III. ANALYSIS

It is readily apparent this matter involves allegations of the utmost intimacy,[3] and that none of the other considerations identified in *Porter* apply. As for prejudice to Defendants, Plaintiff argues there is none because Defendants are aware of her identity [Doc. 23 at Page ID # 113-14], and the Court agrees. Neely does not identify any potential difficulty with conducting discovery, impeaching Plaintiff's credibility, or preparing for trial, and presumably Penske is in possession

---

[3] Neely concedes as much [Doc. 24 at Page ID # 117].

of any pertinent employment records. *See Doe v. Univ. of the South*, No. 4:09-cv-62, Doc. 21, at Page ID # 141 (E.D. Tenn. Aug. 7, 2009) (discussing how prejudice could result from if a party is hindered in its "ability to conduct meaningful discovery, impeach John Doe's credibility, or prepare for trial"); *see also Doe v. Mich. Dep't of Corr.*, No. 13-14356, 2014 WL 2207136, at *10 (E.D. Mich. May 28, 2014) (ordering limited disclosure so discovery could proceed, but allowing use of pseudonyms in public filings, where prison official defendants were unaware of inmate plaintiffs' actual identities). The only issue is whether, given the intimate nature of the allegations in this case, Plaintiff's privacy interest substantially outweighs the presumption of openness. The Court concludes it does.

This Court has held a student plaintiff was entitled to proceed under a pseudonym in a suit against the university he attended, where he alleged he was "stalked, sexually propositioned and harassed by an unnamed female student over the course of a year," and the female student filed a Title IX sexual misconduct complaint against him. *See John Doe v. Ross Univ. Sch. of Med.*, No. 3:18-cv-411, Doc. 14 at Page ID # 69 (E.D. Tenn. Oct. 2, 2018) (citing *Doe v. Columbia Univ.*, 831 F.3d 46, 49 (2d Cir. 2016); *Doe v. Univ. of Cincinnati*, 173 F. Supp. 3d 586, 591 (S.D. Ohio 2016)). Here, Plaintiff alleges she was sexually harassed over the course of several months, and eventually sexually assaulted by being forced to perform oral sex on Neely. Her allegations are sufficiently serious that her interest in keeping her identity private outweighs the presumption of openness, particularly in the absence of prejudice to Defendants. *See Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses."); *Roe v. St. Louis Univ.*, No. 4:08CV1474JCH, 2009 WL 910738, at *4 (E.D. Mo. Apr. 2, 2009) (distinguishing between rape and less serious types of unwanted sexual contact—"a

4

kiss on the neck and rub on the back"—and allowing the plaintiff, an alleged rape victim, to proceed pseudonymously).

In sum, after balancing Plaintiff's interests in proceeding pseudonymously against the public's interest in disclosure and the lack of prejudice to Defendants, the Court concludes the motion is well-taken and should be **GRANTED**.

## IV. CONCLUSION

Accordingly, Plaintiff's motion for a protective order allowing her to proceed under a pseudonym [Doc. 23] is **GRANTED** with respect to pretrial proceedings. Defendants **SHALL NOT** identify Plaintiff to any nonparty other than as may be necessary to defend against this action. The parties are **DIRECTED** to confer to address any issues that might arise with respect to any need to identify Plaintiff to a nonparty, for example to obtain medical records or conduct a deposition, and to agree on procedures regarding same that will protect Plaintiff's identify from disclosure in the public record. If any party files a document in the public record that would otherwise identify Plaintiff, the filing party **SHALL** redact personal identifiers consistent with this order and Federal Rule of Civil Procedure 5.2 until further order of the Court. This order is limited to pretrial proceedings and is subject to further order of the Court, specifically as it relates to trial proceedings.

In addition, Plaintiff **SHALL** file a copy of the complaint which names Plaintiff as a **proposed sealed document** within **14 DAYS** of the entry of this order, which complaint the clerk is **DIRECTED** to file under seal.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
_____
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE